51 F.3d 266
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Brenda A. KESLER, Plaintiff-Appellant,
v.
CROWN EQUIPMENT CORPORATION, Defendant-Appellee,
and
CROWN CONTROL, INCORPORATED, Defendant.
 No. 94-1944.
 United States Court of Appeals, Fourth Circuit.
 Argued Mar. 8, 1995.
Decided Mar. 27, 1995.
 
 ARGUED: Charles Richard Cranwell, Cranwell & Moore, Roanoke, VA, for appellant. Carl Belden Epps, III, Turner, Padget, Graham & Laney, P.A., Columbia, SC, for appellee. ON BRIEF: H. Keith Moore, Cranwell & Moore, Roanoke, VA, for appellant. Kenneth J. Ries, Johnson, Ayers & Matthews, Roanoke, VA, for appellee.
 Before RUSSELL, MURNAGHAN, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this products liability action, Appellant Brenda Kesler (Kesler) appeals the district court's entry of summary judgment against her in favor of Appellee Crown Equipment Corporation (Crown). At the time of the incident in question, Kesler was employed at Gardner-Denver Mining and Construction Company where she operated a stockpicker manufactured by Crown. A stockpicker is similar to a forklift, but the operator controls the machine from the platform that goes up and down. This design allows the operator to control the stockpicker while elevating herself to remove items from high places. On July 31, 1993, Kesler was working at a height of about twenty feet when another stockpicker struck her from behind, knocking her off the platform. At the time, she was wearing a belt rope which was attached to the stockpicker. Although the belt prevented her from falling to the ground below, it stopped her fall with a sudden jerk, causing her back problems and internal injuries.
 
 
 2
 Kesler filed this action in the Circuit Court for the City of Roanoke. She first alleged that the stockpicker was defectively designed because (1) it used a belt rope safety device instead of a full body harness, and (2) it had no rear guardrails, only side guardrails. Second, she pled a failure to warn claim, asserting that Crown should have warned her that it was dangerous to use only a belt rope for protection. Because this case satisfied the requirements for diversity jurisdiction, Crown removed to the United States District Court for the Western District of Virginia.
 
 
 3
 After discovery, the district court concluded that Kesler had proffered no evidence showing that Crown defectively designed the stockpicker. Additionally, it held that Kesler failed to show that Crown had any duty to warn. After an analysis of the issues presented, and upon consideration of the briefs and oral argument, we find that the district court correctly determined that Kesler failed to meet her burden at summary judgment. We therefore affirm the judgment of the district court. Brenda Kesler v. Crown Equipment Corp., No. CA-93-644-R (W.D.Va. Jul. 3, 1994).
 
 
 4
 AFFIRMED.